NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER TOOLE,** | : |
| Petitioner, | : |
| | : Civil Action No. 13-6720 (AET) |
| v. | : |
| **JONATHAN R. CORDOVANI and** | : |
| **EDWARD J. THURSTON,** | : MEMORANDUM OPINION |
| Respondents. | : |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened to the Court upon Motion [Docket Entry No. 4] by Petitioner Christopher Toole ("Petitioner") seeking an Order quashing a subpoena from Respondents Jonathan R. Cordovani and Edward J. Thurston ("Respondents") served upon non-party Cellco Partnership d/b/a Verizon Wireless ("Verizon") in the above captioned matter venued in the Western District of New York (13-CV-6367). Respondents oppose Petitioner's motion [Docket Entry No. 6]. The Court has fully reviewed the submissions of the parties and considers same without oral argument pursuant to Fed.R.Civ.P. 78. For the following reasons, Petitioner's Motion to Quash Subpoena is DENIED.

## I. Background and Procedural History

Petitioner, a Union agent, represented Respondents during a disciplinary proceeding stemming from a termination by United Parcel Service, Inc. ("UPS"). In representing Respondents, Petitioner declined to go forward with arbitration. (Pet'r's Mot. Ex. B, Compl. ¶¶ 91,126). As a result, Respondents allege that their union violated its duty of fair representation

because Petitioner, among other things, acted in his own self-interest and in bad-faith in his disciplinary hearing strategies. (Id. at ¶¶ 99,134). Thus, Respondents sued International Brotherhood of Teamsters, Local Union No. 118 and UPS under Section 9(a) of the National Labor Relations Act, as amended 29 U.S.C. § 159 (a), and Section 301 of the Labor Management Relations Act, as amended 29 U.S.C. § 186. (Id. at ¶ 4).

On October 11, 2013, Respondents subpoenaed Petitioner's business cell phone records. (Pet'r's Mot. Ex A, Subpoena). Repondents submit that the cell phone records are relevant because Petitioner played a central role in the underlying case and cannot claim a privacy interest as the cell phone is (1) paid for by the union, (2) listed on Toole's union business card, and (3) used to conduct union business during the time period of this dispute. (Resp't's Opp'n Mot. Quash Subpoena 3-4). On November 7, Petitioner filed a Motion to Quash Subpoena supported by the following reasons: (1) the cell phone records are irrelevant, (2) the subpoena is impermissibly overbroad, (3) invasion of privacy, (4) presents an undue burden, and (5) the subpoena harasses, embarrasses, and oppresses a non-party and his family. (Pet'r's Mot. Quash Subpoena ¶¶ 12, 15, 18, 21, 24).

In response, Respondents filed opposition arguing that (1) the Motion to Quash is untimely, (2) Petitioner has not shown that the subpoena should be quashed, (3) Petitioner has no reasonable expectation of privacy in a business cell phone, and (4) only Verizon wireless would be able to claim an undue burden because it has the records. (Resp's Opp'n Mot. Quash ¶¶ 6, 8, 10, 14).

## II. Analysis

When there is a timely Motion, the Court may quash or modify a subpoena if it: (i) fails to allow reasonable time for compliance; (ii) requires a person who is not a party or an officer of

a party to travel to a place more than 100 miles from the place where that person resides; (iii) requires disclosure of privileged information or other protected matter or waiver applies; or (iv) subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A).[1] The disputed circumstances in this Motion relate to factors (iii) and (iv). Additionally, Respondents argue that the Motion to Quash is untimely.

Respondents contend that Petitioner did not file the Motion to Quash until November 4, 2013, which is three days after the subpoena's November 1, 2013 compliance date. Here, timeliness means "within the specified compliance period, so long as it is of reasonable duration." *City of St. Petersburg v. Total Containment, Inc.*, 2008 U.S. Dist. LEXIS 36735, at *5-2 (E.D. Pa. May 1, 2008) (*citing* 9 MOORE'S FED. PRACT.–CIVIL, § 45.50 (2006); *Dexter v. Cosan Chem. Corp.*, 2000 U.S. Dist. LEXIS 22134, at *7-8 (D.N.J. Oct 24, 2000) (motion to quash filed on September 21, 2000, two days after September 19, 2000 return date, was untimely and therefore denied). Other jurisdictions have ruled similarly. *See*, e.g., *Allender v. Raytheon Aircraft Co.*, 220 F.R.D. 661, 665 (D. Kan. 2004) (return date for production of subpoena had already passed so motion to quash was untimely); *Innomed Labs, LLC v. Alza Corp.* 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (motion should be brought before date of deposition commanded by subpoena).

Here, the subpoena was served on October 11, 2013. The compliance date was set for three weeks later on November 1, 2013 at 12:00 pm. The Court finds that three weeks was a reasonable duration to file the Motion to Quash. Given this, the Court finds that the Motion to Quash filed three days after the compliance date is untimely.

---

[1] The Court is aware that the recent amendments to the Federal Rules of Civil Procedure have substantially altered Rule 45. However, in light of the fact that these amendments took effect after the instant motion was filed, they do not impact the Court's findings here.

In addition to being untimely, the Court agrees with Respondents' assertion that Petitioner's cell phone is a business phone in which Petitioner has no reasonable expectation of privacy. Petitioner's argument that the cell phone was for personal use only is not persuasive since the cell phone number at issue was included in the signature line of his union-provided email account, Petitioner used that cell phone to make and receive telephone calls regarding union business, Petitioner included that cell phone number on his union-issued business card (Docket Entry No. 8, Aff. of Kevin McIntosh ¶¶5-8; Docket Entry No. 9, Aff. of Michael DeYulio ¶¶5-7; Docket Entry No. 7, Aff. of David Weilert ¶¶5-9), 2) and Petitioner received a monthly stipend from Teamsters Local 118 for the cost of this cell phone (*Id*. at ¶¶6-7).

Further, the Court agrees with Respondents that Petitioner's argument concerning undue burden is inappropriate and lacks merit because the subpoena was served on Verizon, not Petitioner, and Verizon must provide the records requested. The Court also finds that Respondents' subpoena, to the extent it calls for the production of information regarding Petitioner's business cell phone number, seeks relevant information. However, while the Court has determined that Petitioner's cellular telephone number (585) 303-1464 was used for business purposes, and that records concerning same are relevant, the Court cannot say the same about Respondents' request for identical information for "any and all cellular telephone numbers issued to Christoper Toole[,]" as there is no indication that Petitioner used any cell phone number other than (585) 303-1464 to make calls in his representation of Respondents.[2] (Docket Entry No. 4-1, Ex. A, Attach. to Subpoena ¶2). Consequently, the Court shall modify the subpoena to delete sections 2a-f. With this modification, the Court finds Petitioner's claim that the subpoena

---

[2] Although Respondents state that "The Subpoena does not seek this information regarding any other cellular telephone numbers or with regard to any of the Petitioner's family members" (Resp's Opp'n Mot. Quash at 11), sections 2a-f of the Subpoena clearly request information on additional cellular telephone numbers issued to Petitioner. (Docket Entry No. 4-1, Ex. A, Attach. to Subpoena ¶2a-f)

harasses, embarrasses and oppresses a non-party and his family without merit. Therefore, Petitioner's Motion to Quash the subpoena, as modified, is DENIED.

### III. Conclusion

For the reasons stated above, Petitioner's Motion to Quash is DENIED. An appropriate Order follows.

Dated: January 10, 2014

                                              s/ Tonianne J. Bongiovanni
                                           **TONIANNE J. BONGIOVANNI**
                                           **United States Magistrate Judge**